Filed
D.C. Superior Court
02/29/2016 13:07PM
Clerk of the Court

SUPERIOR COURT OF DISTRICT OF COLUMBIA
CIVIL DIVISION

REVEREND Dr. NEWTON GREGORIO, Individually
and as the Pastor and Minister in charge of
The Capital Wesleyan Church
5319 3rd Street NW
Washington, D.C. 20011

   Plaintiff

  v.

              Case No.: 2016 CA 001266 R(RP)

REVEREND STANLEY K. HOOVER, Individually and
As Superintendent of the Chesapeake District of the
Wesleyan Church
301 Kent Road
Glen Burnie, MD 21060

  and

CHESAPEAKE DISTRICT OF THE WESLEYAN CHURCH
301 Kent Road
Glen Burnie, MD 21060

   Defendants

Serve: Stanley K. Hoover, District Superintendent
   301 Kent Road
   Glen Burnie, MD 21060

## VERIFIED COMPLAINT FOR BREACH OF CONTRACT, LOSS OF WAGES, UNJUST ENRICHMENT, WRONGFUL EVICTION, SLANDER, AGE DISCRIMINATION.
(Action Involving Real Property)

COMES NOW Plaintiff, Reverend Dr. NEWTON GREGORIO ("Plaintiff" or "Gregorio"), individually and as Pastor and Minister in Charge of the Capital Wesleyan Church and for this cause of action states the following:

### JURISDICTION



## JURISDICTION

1. This Court has jurisdiction to hear this matter pursuant to D.C. Code §11-921 and §13-423 (2001 Edition).

## VENUE

2. Venue in the District of Columbia is appropriate, since all of the acts complained of occurred in the District of Columbia and the real property in dispute is located in the District.

## PARTIES

3. Gregorio is a resident of the District of Columbia, as well as the Founder and former Pastor and Minister in Charge of the Capital Wesleyan Church ("Capital") located at 3829 and 3831 14th Street, NW Washington, DC 20011 ("the properties"). Capital is an independent church affiliated with the Wesleyan Church of the United States. Plaintiff brings this action on his own behalf and as Minister in Charge of Capital.

4. Defendant Reverend Stanley K. Hoover ("Hoover") is the District Superintendent Chesapeake District of the Wesleyan Church with exclusive jurisdiction over Wesleyan churches in Virginia, Maryland and Delaware. Reverend Hoover is sued personally and as Superintendent of Chesapeake.

5. Defendant the Chesapeake District of the Wesleyan Church (Chesapeake") is a member church of the Wesleyan Church in the United States. Chesapeake is sued with respect to its claim as the titled owner of the property locate at 3831 14th Street NW, Washington, DC and for repayment of funds paid by Capital for the purchase of property at 3829 14th Street, NW.

## FACTUAL BACKGROUND

6. In 1995, Gregorio and his late wife, Reverend Lynette Gregorio co-founded, organized and established the Capital Inner City Outreach Ministry which was later incorporated as the Capital Wesleyan Church, an independent church to serve the members of the Wesleyan

Church in the District of Columbia. Thus, while Capital adopted and affiliated itself with the Wesleyan religious doctrines and principles, it retained its independence from the leadership of Chesapeake and the National Wesleyan Church, ("National").

7. The relationship between Chesapeake and Capital became closer when Reverend David Keith, the then Superintendent of Chesapeake offered to assist Capital's purchase of a building at 3831 14th Street NW Washington, DC. via a loan from the Wesleyan Investment Foundation. ("WIF") Capital used the loan in the sum of $110,000.00 to purchase the building which was secured by a Promissory Note co-signed by Capital and Chesapeake and a Deed of Trust in Chesapeake's name only. However, Capital never became a part of the Wesleyan Church for purposes of its administration and operations. In fact, because Chesapeake had no territorial jurisdiction in the District of Columbia an National had no branches or churches in the District of Columbia, Capital and Chesapeake co-existed independently of each other. Until her death, Plaintiff and his wife were the Ministers and Pastors of Capital and managed the day to day affairs of the Church. Prior to his Hoover's abrupt and unauthorized exercise of authority over Capital, Gregorio had rendered nineteen years of continuous service to Capital.

8. Chesapeake provided no original funding nor paid any of Capitals bills; it issued no mandate or commission to the Gregorios for the founding and establishment of Capital and did not provide or perform any of Capital's pastoral or administrative functions. The only assistance Chesapeake gave to Capital was to procure a loan of $110,000.00 from the Wesleyan Investment Foundation, Inc. ("WIF") for the acquisition of the 3831 14th Street N.W. property, to be used as a Church building.

9. In 2005, Capital paid off the WIF loan and received a Release of the Promissory Note and Deed of Trust to Capital. However, Chesapeake balked on Capital's request for the release of the Deed of Trust and transfer of the title to the property. Consequently, Chesapeake still

holds the title to the property at 3831 14th Street, NW Washington, DC  Plaintiff asserts that the property is owned by Capital and not by Chesapeake and/or National.

10. Gregorio and his late wife worked together in the church until her death in 2011. After Plaintiff's wife's death, Hoover purported to exercise jurisdictional control over Capital and though he had no authority to do so, appointed Plaintiff as Minister in Charge of the Capital. Gregorio continue to serve as the Minister in Charge and manager of the day to day affairs of the Church without any pastoral, financial or administrative direction or control from Hoover. Plaintiff's duties included, conducting the services, operating the Bread Ministry, maintaining the books and accounts of the Church and the Church premises and generally taking care of all of the affairs of the Church. Plaintiff also raised the funds to pay for the property at 3829 14th Street NW which Hoover purchased and assigned to Capital for payment of the Promissory Note on the property.

11. When Gregorio assumed the responsibilities as Minister in Charge and Church manager, Gregorio was promised a stipend/allowance of One Thousand Five Hundred Dollars per month ($1,500.00), after payment of Capital's bills. However, Gregorio has not received his monthly stipend/allowance from October of 2012 to the present; a period of thirty-two months.

12. On April 29, 2015 in the exercise of his purported authority over the operations of Capital, Hoover abruptly stated to Plaintiff that "it is time for you to retire, we have younger people to take your place" and informed Plaintiff that his last day to preach at the Church would be May 31, 2015.  Plaintiff objected strenuously to Hoover's illegal action terminating his services as Minister in Charge citing the fact that Capital is and was always operated independently of Chesapeake. Moreover, Hoover took his action without consulting with the congregation or elders at Capital or addressing the issue of compensation to the Plaintiff for his services as Minister in Charge and manager of the Church property and affairs. Plaintiff was

forced to bring the matter to the attention of the Church. The matter of Plaintiff's position with Capital remained unresolved as Plaintiff continued to serve in his role as Minister in Charge. Hoover continued his actions against the Plaintiff by send Plaintiff a Letter of Termination.

13. However, without notice of their intent to take action against the Plaintiff Chesapeake and Hoover, acting through their agents and assistants, unlawfully changed the locks on the Capital Church properties, seized control of Capital's affairs and illegally evicted Gregorio from Capital's buildings and property. Defendants summarily locked Plaintiff out of the Church buildings and seized control of his personal possessions without court process in violation of the laws of the District of Columbia. Plaintiff's never regained his personal possessions which remain locked away from him in the Church building. Plaintiff seeks damages against Chesapeake and Hoover for their improper and illegal actions.

14. On June 26, and July 2, 2015, Defendants Hoover and Chesapeake directly and through their legal representative, the Law Offices of Erica Cole, LLC ("the Firm") caused a letter to be published that was copied and submitted to law enforcement authorities in the District of Columbia and the State of Maryland defaming the good name of Plaintiff. Said letter made false accusations and accused Plaintiff of alleged illegal and unauthorized entry onto Capital's properties and barred Gregorio from re-entering the properties under the threat of arrest.

15. With regard to his forced banishment from Capital, Plaintiff requested, in writing, that Hoover and Chesapeake pay him the sum of $50,000.00. This sum represents the stipend owed for Plaintiff's services as Pastor, Minister in Charge and Church manager. Defendant has not responded to Plaintiff's request for compensation.

16. Gregorio asserts that Capital is the true and rightful owner of the property located at 3831 14th Street, NW. The property was bought and paid for with the funds of the Capital membership without any contribution from Chesapeake. Further Chesapeake's claim that the

4

property was part of the National Wesleyan Church is unfounded since the National Wesleyan has never held title to the property or listed the property as being owned by the church.

17. Another source of dispute between Capital and Chesapeake relates to Chesapeake's purchase of real property at 3829 14th Street NW that is adjacent to Capital's property at 3831 14th Street NW. After the purchase of the 3829 14th Street property, Capital and Chesapeake entered into a special arrangement whereby the property would be owned by Chesapeake, but Capital would be responsible for payment of the Promissory Note on the property. Capital had no ownership interest in the property but had exclusive use and control over the property on a day to day basis while being responsible for payment of all of the maintenance and utility costs. This arrangement ended when Gregorio was summarily evicted from the premises.

## COUNT I

### BREACH OF CONTRACT

17. Plaintiff incorporates the facts and allegations set forth in Paragraphs 1-16 of the Verified Complaint and references them herein.

18. Capital and Chesapeake entered into an agreement for the purchase of the property located at 3831 14th Street NW, Washington, DC 20011. The agreement provided that Chesapeake would secure and arrange the financing to purchase the property at 3831 14th Street NW Washington, DC for Capital and that Capital would be responsible for repaying the loan. Capital and Chesapeake further agreed that Chesapeake would hold the title and the Deed of Trust to the property to protect against Capital's default on the loan.

19. Capital paid off the loan which was in an amount of $110,000.00 plus interest to cover the total cost of the purchase of the subject real property and secured a Release of the Promissory Note and Deed of Trust from the lender, WIF. However, Chesapeake continues to claim that it is the titled owner of the property.

20. Plaintiff controverts Defendant's assertion that it is the true and rightful owner of the property in keeping with the practices and procedures with regard to ownership of property within the Wesleyan Church. Plaintiff denies that there was any agreement to become part of the property ownership practices of the Wesleyan Church.

21. Plaintiff asserts that the Defendants have breached their agreement with Capital by refusing to relinquish the title to the property to Capital free and clear of any encumbrances and claiming title the property within the orbit of properties owned by the Wesleyan Church.

22. Plaintiff seeks to have the cloud on the title to the property removed and entrusted to the rightful owners at Capital. In lieu of the relinquishment of title to the property, Plaintiff seeks an award of compensatory damages in the amount of the current market of the property from the Defendants.

## COUNT II

## LOSS OF WAGES

23. Plaintiff incorporates the facts and allegations set forth in Paragraphs 1-22 of the Verified Complaint and references them herein.

24. Plaintiff asserts that in light of Hoover and Chesapeake's claim that they are the principal church with authority of the income, assets and property of Capital that he has not been paid for his services and is owed wages in the sum of $50,000.00 for his services to the Church.

25. Plaintiff requested in writing that Hoover and Chesapeake pay him the sum of $50,000.00 as just compensation for his services as Minister in Charge and Church manager. Defendant has refused to honor Plaintiff's request.

26. That Defendants refusal to compensate Plaintiff for his services since 2012 has resulted in a loss of wages and other just compensation due and payable to Plaintiff.

## COUNT III

## UNJUST ENRICHMENT

27. Plaintiff incorporates the facts and allegations set forth in Paragraphs 1-26 of the Verified Complaint and references them herein.

28. Chesapeake did not release the Deed of Trust to the property located at 3831 14th Street, NW Washington, DC 20011 after Capital paid of the Promissory Note on the property.

29. Plaintiff alleges that Capital is the true owner of the properties.

30. Chesapeake has unjustly enriched itself at the expense of Capital by virtue of the Defendant's retention of the Title Deed of Trust to the property at 3831 14th Street NW and the claim that the property is owned by the Wesleyan Church.

31. Defendant further unjustly enriched itself at Plaintiff's expense by purchasing a property at 3829 14th Street NW and assigning the Promissory Note to the Plaintiff to pay off the note on the property. Plaintiff asserts that he is entitled to reimbursement from Hoover and Chesapeake for all payments made on the Promissory Note on the property at 3829 14th Street NW. Plaintiff ceased making payments on the subject property after he was summarily evicted from the property in July of 2015.

## COUNT IV

## WRONGFUL EVICTION

32. Plaintiff incorporates the facts and allegations set forth in Paragraphs 1-31 of the Verified Complaint and references them herein.

33. Defendants, Chesapeake and Hoover acting through their agents and assistant seized control of Capital and illegally evicted Gregorio from Capital buildings and properties, without due process of law and in violation of the law of the District of Columbia which bars self-help eviction.

34. Defendants enforced and carried out their illegal and improper actions evicting the Plaintiff from the property by the issuance of written threats to Plaintiff that he would be arrested if he returned to the properties. The threatening letters had a chilling and debilitating effect on the Plaintiff causing him to go into a deep depression and to suffer extreme mental anguish over the actions of the Defendants.

35. Defendants locked Plaintiff out of Capital's buildings and unlawfully locked his valuable possessions and his wife's possession in the Church. The Defendants carried out these acts intentionally, knowingly, willfully and in wanton disregard of the Plaintiffs rights and of the obligations of the Defendants to the Plaintiff who was legally and rightfully in possession of the premises and the property therein.

36. Defendants are guilty of carrying out a wrongful eviction against Plaintiff. Therefore, plaintiff is entitled to compensatory and punitive damages against the Defendants

## COUNT V

## SLANDER

37. Plaintiff incorporates the facts and allegations set forth in Paragraphs 1-36 of the Verified Complaint and references them herein.

38. Hoover and Chesapeake through its agents, attorneys and advisors, the law firm of circulated a letter containing materially false and damaging information and alleging that Gregorio had made illegal and unauthorized entry onto the properties.

39. Defendants brought Gregorio's name into ill repute among the members of Capital, the Wesleyan and Church and the community in Washington DC and in the State of Maryland.

40. Defendants circulated this letter to the law enforcement authorities and demanded that Plaintiff stay away from these properties under the threat of arrest.

41. Hoover and Chesapeake are guilty of slander against Gregorio. Plaintiff is entitled to compensatory and punitive damages from the Defendants for their egregious conduct in slandering and maligning the good name and reputation for good work in the District of Columbia and its environs.

## COUNT VI
## AGE DISCRIMINATION

42. Plaintiff incorporates the facts and allegations set forth in Paragraphs 1-41 of the Verified Complaint and references them herein.

45. Plaintiff alleges that Defendant, Hoover, forced him to retire because of his age by stating to him "it is time for you to retire" without just compensation in violation of prohibition against the laws of the District of Columbia.

46. Plaintiff alleges that the Defendant's acts of discrimination included used Plaintiff to found and establish Capital and then dishonored Plaintiff for his years of service by throwing Plaintiff out of his position as Pastor and Minister in Charge of Capital without just compensation.

47. Defendant is guilty of age discrimination against Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, Plaintiff prays for the following relief:

A. Compensatory damages in the amount of Fifty Eight Thousand Five Hundred Dollars ("$58,500.00") payable to Plaintiff for lost wages.

B. Removal of the cloud to the title of the property and transfer of the title of the property to the Plaintiff and Capital.

C. Repayment of the funds paid toward payment of the mortgage and other costs on the property at 3829 14th Street NW Washington DC 20011.

D.  Compensatory damages in the amount of One Million Two Hundred and Twenty-Five Thousand Dollars for the withholding of the title to and seizure of the property at 3831 14th Street NW Washington, DC.

E.  Punitive damages in the amount of Two Hundred and Fifty Thousand Dollars for the stress and humiliation caused to Plaintiff as a result of Defendants' unjust enrichment.

F.  Any and all such other relief that the court deems fair and just.

Respectfully submitted,

_____
Nigel Scott, Esq. #214494
Scott & Yallery-Arthur
7306 Georgia Avenue, NW
Washington, DC 20012
202-882-5770

## VERIFICATION OF PLAINTIFF

I, Reverend Newton Gregorio hereby verify that I have read the foregoing Verified Complaint and that the information contained therein and that the information is true to the best of my knowledge, information and belief.

_____
Newton Gregorio

## TRIAL BY JURY

Plaintiff respectfully requests a Trial by Jury.

_____
Nigel Scott, Esquire

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Rev. Dr. Newton Gregorio

Case Number: 2016 CA 001266 R(RP)

vs

Date: _____

Rev. Stanley K. Hoover et al

[x] One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* <br> Nigel L. Scott, Esquire | Relationship to Lawsuit |
| Firm Name: <br> Scott & Yallery-Arthur | [x] Attorney for Plaintiff |
| Telephone No.: 202-882-5770   Six digit Unified Bar No.: 214494 | [ ] Self (Pro Se) <br> [ ] Other: _____ |

TYPE OF CASE: [ ] Non-Jury    [x] 6 Person Jury    [ ] 12 Person Jury

Demand: $ 1,225,000.00    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: None    Judge: _____    Calendar #: _____

Case No.: None    Judge: _____    Calendar #: _____

---

**NATURE OF SUIT:** *(Check One Box Only)*

**A. CONTRACTS**             **COLLECTION CASES**

- [ ] 01 Breach of Contract
- [ ] 02 Breach of Warranty
- [ ] 06 Negotiable Instrument
- [ ] 07 Personal Property
- [ ] 13 Employment Discrimination
- [ ] 15 Special Education Fees

- [ ] 14 Under $25,000 Pltf. Grants Consent
- [ ] 17 OVER $25,000 Pltf. Grants Consent
- [ ] 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
- [ ] 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- [ ] 28 Motion to Confirm Arbitration Award (Collection Cases Only)

- [ ] 16 Under $25,000 Consent Denied
- [ ] 18 OVER $25,000 Consent Denied
- [ ] 26 Insurance/Subrogation Over $25,000 Consent Denied
- [ ] 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

- [ ] 01 Automobile
- [ ] 02 Conversion
- [ ] 07 Shoplifting, D.C. Code § 27-102 (a)
- [ ] 03 Destruction of Private Property
- [ ] 04 Property Damage
- [ ] 05 Trespass

**C. PERSONAL TORTS**

- [ ] 01 Abuse of Process
- [ ] 02 Alienation of Affection
- [ ] 03 Assault and Battery
- [ ] 04 Automobile- Personal Injury
- [ ] 05 Deceit (Misrepresentation)
- [ ] 06 False Accusation
- [ ] 07 False Arrest
- [ ] 08 Fraud

- [ ] 10 Invasion of Privacy
- [ ] 11 Libel and Slander
- [ ] 12 Malicious Interference
- [ ] 13 Malicious Prosecution
- [ ] 14 Malpractice Legal
- [ ] 15 Malpractice Medical (Including Wrongful Death)
- [ ] 16 Negligence- (Not Automobile, Not Malpractice)

- [ ] 17 Personal Injury- (Not Automobile, Not Malpractice)
- [ ] 18 Wrongful Death (Not Malpractice)
- [ ] 19 Wrongful Eviction
- [ ] 20 Friendly Suit
- [ ] 21 Asbestos
- [ ] 22 Toxic/Mass Torts
- [ ] 23 Tobacco
- [ ] 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE [ ] IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**
- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)
- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- [ ] 20 Master Meter (D.C. Code § 42-3301, et seq.)
- [ ] 21 Petition for Subpoena [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1) (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**
- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)
- [x] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

/s/ Nigel L. Scott                         February 17, 2016
Attorney's Signature                       Date

CV-496/ June 2015



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Rev. Dr. Newton Gregorio
~~Plaintiff~~

vs.

Chesapeake District of the Wesleyan Church
Defendant

Case Number 2016 CA 001266 R(RP)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Nigel L. Scott, Esq.
Name of Plaintiff's Attorney
7306 Georgia Avenue, NW
Address
Washington, DC 20012
202-882-5770
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction.    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court

By _____
Deputy Clerk

Date 02/22/2016

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                           CASUM.doc

*Chesapeake*



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

REV. DR. NEWTON GREGORIO et al
Vs.
Rev STANLEY K. HOOVER et al

C.A. No.    2016 CA 001266 R(RP)

## INITIAL ORDER AND ADDENDUM

   Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

   (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

   (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

   (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

   (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

   (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

   (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                        Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date: February 22, 2016
Initial Conference: 9:30 am, Friday, May 20, 2016
Location: Courtroom 221
          500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc